Andrew SHANNON, Mattie Shannon and Roger Walter Harrison, Appellants,

v.

UNITED STATES of America, Appellee.

No. 15931.

United States Court of Appeals
Ninth Circuit.

Feb. 9, 1959.

Harry E. Weiss, Martha Jefferson, Arthur Sherman, Ernest Graves, Wilmington, Cal., for appellants.

Laughlin E. Waters, U. S. Atty., Leila F. Bulgrin, Robert John Jensen, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, CHAMBERS and HAMLEY, Circuit Judges.

PER CURIAM.

The trial judge while riding in a bus in Los Angeles with the jury made remarks to the jury, in the absence of the defendant and his counsel, as follows:

"This is the corner of Seventh Avenue and Washington, and here is a drug store and beyond is a Ralph's Market and over there is a parking lot."

By these remarks the defendants contend that under the Sixth Amendment they

were not "confronted with witnesses against" them. Also, they say that Rule 43 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. was violated. The defendants were on trial in the district court for the sale of narcotics in Los Angeles County on dates in the month of May, 1957, in Los Angeles.

At least one of the alleged sales was made in the vicinity of Seventh Avenue and Washington in Los Angeles. After receiving considerable oral testimony in the courtroom, the jury was taken out to a spot at the rear of 3703 West 27th Street, not far from Seventh Avenue and Washington. There court was convened in the presence of the defendants and their attorneys. Witnesses who had previously testified proceeded to correlate their courtroom testimony into the scene on the ground. Also, there was some re-enactment (by demonstration) of some of the alleged incidents of the crime.

Apparently before the oral testimony at the scene was taken, the jury with the trial judge accompanying it, had passed by Seventh and Washington in the bus. At the conclusion of the testimony "on the spot" a juror asked that the jury return to Seventh and Washington by a different street approach from that used going out to the scene. This request and the judge's stated acquiescence therein were made in the presence of the defendant and counsel and no objection was made to the proposed course or view. The judge, the court reporter and the jury got into the bus and obviously, from the judge's remarks, it was taken to Seventh and Washington.

No doubt in his statement to the jury about things that were self-evident, the judge was approaching quicksand. But going no further than he did we cannot say that the defendant was prejudiced (which may not be the complete test) or that any error was committed. No cited case of reversal presents anything so innocuous as happened here. It amounts to no more than a bubble in the record and in the legal sense we deem the appeal frivolous. See Steiner v. United States, 5 Cir., 134 F.2d 931.

The appellants perhaps did project their appeal on an error in the original transcript received by this court. It was necessary to ask the district court to settle the record. Upon settlement, it develops that any merit appellant's original contentions might have is gone.

The judgments of conviction are affirmed.